IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES HILL,
ADC #162542                                                                                          PLAINTIFF

V.                                   CASE NO. 1:17-CV-95-JM-BD

MAURICE CULCAGER                                                                      DEFENDANT

## RECOMMENDED DISPOSITION

**I.** **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, any right to appeal questions of fact may be waived.

**II.** **Discussion**

A. Background

James Hill, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer. (Docket entry #2) Mr. Hill claims that he was wrongfully charged with a false disciplinary in retaliation for exercising his rights and that his due process rights were violated. The Court allowed Mr. Hill to proceed with a

retaliation claim against Defendant Culcager, but his remaining claims were dismissed. (#10)

Defendant Culcager has now moved for summary judgment, arguing that Mr. Hill failed to exhaust his administrative remedies. (#15) Mr. Hill has not responded to the motion, and the time for responding has expired. (#18, #22)

B.  Exhaustion

The Court is obligated to dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Hill is an ADC inmate, he was obligated to comply with the specific requirements of the ADC grievance policy in order to fully exhaust administrative remedies. *Id*.

In support of his motion, Defendant Culcager has attached the sworn statement of Terri Grigsby, the Grievance Coordinator for the ADC. (#20) According to Ms. Grigsby's testimony, Mr. Hill did not file or fully exhaust any grievance alleging that he was retaliated against for filing a Prison Rape Elimination Act grievance; therefore, she contends, he failed to exhaust his administrative remedies as to the claim raised against Defendant Culcager in this lawsuit. (*Id*.)

Here, Mr. Hill has not come forward with any evidence to show that he did exhaust administrative remedies or that his failure to exhaust should be excused. Under settled law, Mr. Hill was required to grieve Defendant Culclager's conduct and to fully exhaust the grievance before filing suit. He did not do so.[1]

## III.   Conclusion

The Court recommends that Defendant Culclager's motion for summary judgment (#15) be GRANTED. Mr. Hill's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

---

[1] It also is undisputed that Mr. Hill did not properly appeal his disciplinary conviction to the Director of the ADC. (#15-10 at p.2)

DATED this 6th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE